1  Ronald L. Richman (SBN 139189)
   Adam Thomas (SBN 297249)
2  BULLIVANT HOUSER BAILEY PC
   101 Montgomery Street, Suite 2600
3  San Francisco, CA   94104-4146
   Telephone:  415.352.2700
4  Facsimile:  415.352.2701
   E-mail:        ron.richman@bullivant.com
5                      adam.thomas@bullivant.com

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | BOARD OF TRUSTEES OF THE | Case No.: 4:22-cv-01040-DMR
   | LABORERS HEALTH AND WELFARE |
12 | TRUST FUND FOR NORTHERN | **NOTICE OF MOTION AND MOTION**
   | CALIFORNIA; BOARD OF TRUSTEES OF | **FOR DEFAULT JUDGMENT**
13 | THE LABORERS VACATION-HOLIDAY |
   | TRUST FUND FOR NORTHERN |
14 | CALIFORNIA; BOARD OF TRUSTEES OF |
   | THE LABORERS PENSION TRUST FUND |
15 | FOR NORTHERN CALIFORNIA; and | **DATE:       August 25, 2022**
   | BOARD OF TRUSTEES OF THE | **TIME:       1:00 p.m.**
16 | LABORERS TRAINING AND RETRAINING | **CTRM:    4, 3ʳᵈ Floor**
   | TRUST FUND FOR NORTHERN | **Ronald Dellums Federal Bldg.**
17 | CALIFORNIA, | **1301 Clay Street**
   | | **Oakland, CA 94612**
18 |
19 |                Plaintiffs, | **Via Zoom video webinar**
20 |        vs. | **Hon. Donna M. Ryu**
21 |
22 | CPM ENVIRONMENTAL, INC., a California
   | corporation,
23 |                Defendant.
24
25
26
27
28

4882-5784-2204.3 29512/00365

– 1 –

1

## TABLE OF CONTENTS

2
**PAGE**

3
I. NOTICE OF MOTION ...................................................................................................6

4
II. INTRODUCTION .........................................................................................................6

5
III. SUBJECT MATTER JURISDICTION ........................................................................7

6
IV. PERSONAL JURISDICTION .....................................................................................7

7
V. SERVICE OF PROCESS ON DEFENDANT .............................................................7

8
VI. BACKGROUND ..........................................................................................................7

9
    A. Plaintiffs Laborers Trust Funds ...........................................................................7

10
    B. Defendant CPM Environmental, Inc. ...................................................................9

11
        1. Asbestos and Lead Removal Agreement .........................................................9

12
        2. Project Labor Agreement .................................................................................9

13

14
VII. LEGAL ARGUMENT ...............................................................................................11

15
    A. First and Second Claims for Relief - The Trust Funds Are Entitled To Recover Outstanding Employee Fringe Benefit Contributions Due And Owing, Interest And Liquidated Damages. ...............................................................11

16

17
        1. First Claim for Relief, Recovery of Liquidated Damages and Interest on Contributions Paid, But Paid Late .......................................................11

18

19
        2. Second Claim for Relief, Recovery of Unpaid Contributions, Liquidated Damages and Interest. ..................................................................12

20

21
            a. Delinquent Contributions, Liquidated Damages and Interest on Contributions Reported, Not Paid – Asbestos and Lead Removal Agreement ...............................................................................12

22

23
            b. Delinquent Contributions, Liquidated Damages and Interest on Contributions Reported, Not Paid – Project Labor Agreement .........13

24
    B. Third Claim for Relief - The Trust Funds Are Entitled To a Mandatory Injunction Compelling a Further Audit. ......................................................................13

25

26
    C. Plaintiffs Trust Funds are Entitled to Recover Their Attorneys' Fees and Costs. ...............................................................................................................14

27

28
///

D.  Plaintiffs Trust Funds are Entitled to a Judgment by Default. ................................... 14

    1.  Possibility of prejudice to plaintiffs. ............................................................ 15

    2.  Merits of plaintiffs' substantive claims and sufficiency of the complaint. ........................................................................................................ 15

    3.  Sum of the money at stake. ........................................................................... 15

    4.  Possibility of a dispute concerning material facts. ........................................ 16

    5.  Whether default was due to excusable neglect. ............................................. 16

    6.  Policy favoring decisions on the merit. ......................................................... 16

VIII. CONCLUSION .......................................................................................................... 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4
*Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., Inc.,*
    2010 WL 4922677 (N.D. Cal. Nov. 29, 2010) ........................................................ 15

5
*Bd of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall*
6
    *Mechanical, Inc.,*
7
    2011 WL 2600898 at *2 (N.D. Cal. June 30, 2011) .............................................. 15

8
*Bd. of Trs. v. Core Concrete Const., Inc.,*
    2012 WL 380304 (N.D. Cal. Jan. 17, 2012) ......................................................... 15

9
*Board of Trustees v. JRD,*
10
    99 F. Supp.2d 1115 (C.D. Cal. 1995) .................................................................... 11

11
*Central States, Southeast & Southwest Areas Pension Fund v. Central*
    *Transport, Inc.,*
12
    472 U.S. 559, 105 S. Ct. 2833 (1985) .................................................................. 14

13
*Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck*
    *Serv.,*
14
    870 F.2d 1148 (7th Cir. 1989) .............................................................................. 16

15
*Eitel v. McCool,*
16
    782 F.2d 1470 (9th Cir. 1986) .............................................................................. 14

17
*Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mechanical*
    *Contractors, Inc.,*
18
    875 F.2d 212 (9th Cir. 1989) ................................................................................ 11

19
*Northeast Administrators v. Albertsons,*
20
    104 F.3d 253 (9th Cir. 1996) ................................................................................ 11

21
*Pepsico, Inc. v. Cal. Sec. Cans,*
    238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................................... 15

22
**STATUTES**

23
28 U.S.C. §1367(a) ....................................................................................................... 7
24

25
29 U.S.C. §185 ............................................................................................................. 7

26
29 U.S.C. §1002(3) ...................................................................................................... 7

27
29 U.S.C. §1002(37) .................................................................................................... 7

28
29 U.S.C. §1109(a) ...................................................................................................... 6

– 4 –

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29 U.S.C. §1132 ................................................................................................................. 7

29 U.S.C. §1132(a)(2) ....................................................................................................... 6

29 U.S.C. §1132(g)(2) ................................................................................................. 6, 15

29 U.S.C. §1132(g)(2)(A) ............................................................................................... 17

29 U.S.C. §1132(g)(2)(B) ............................................................................... 12, 13, 17

29 U.S.C. §1132(g)(2)(C) ............................................................................... 12, 13, 17

29 U.S.C. §1132(g)(2)(E) ............................................................................................... 11

29 U.S.C. §1145 ......................................................................................................... 6, 15

ERISA §3(3) ...................................................................................................................... 7

ERISA §3(37) .................................................................................................................... 7

ERISA §409(a) .................................................................................................................. 6

ERISA §502(a)(2) ............................................................................................................. 6

ERISA §502(g)(2) ............................................................................................................. 6

ERISA §502(g)(2)(D) ..................................................................................................... 14

ERISA §515 ....................................................................................................................... 6

# I. <u>NOTICE OF MOTION</u>

TO:    DEFENDANT CPM ENVIRONMENTAL, INC., a California corporation:

YOU ARE HEREBY NOTIFIED that on August 25, 2022 at 1:00 p.m. in Courtroom 4, 3rd Floor, Ronald Dellums Federal Building, 1301 Clay Street, Oakland, California, plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern California, Board of Trustees of the Laborers Pension Trust Fund for Northern California, and the Board of Trustees of the Laborers Training and Retraining Trust Fund for Northern California ("Plaintiffs") will and hereby do move this Court for default judgment.  The motion is based on this Notice of Motion and Motion for Default Judgment; the accompanying Memorandum of Points and Authorities in Support of Motion for Default Judgment, Declaration of Michelle Lauziere in Support of Plaintiffs' Motion for Default Judgment ("Lauziere Decl."), Declaration of Ronald L. Richman in Support of Plaintiffs' Motion for Default Judgment ("Richman Decl."); all pleadings, papers, and records in this action; and such other and further oral argument as may be offered to the Court.

# II. <u>INTRODUCTION</u>

Plaintiffs seek judgement against defendant CPM Environmental, Inc. ("CPM Environmental") on the First Cause of Action for Breach of Collective Bargaining Agreement and Second Cause of Action for Recovery of Unpaid Trust Fund Contributions pursuant to ERISA, §§502(g)(2), 515; 29 U.S.C. §§1145, 1132(g)(2); ERISA §§409(a), 502(a)(2); 29 U.S.C. §§1109(a), 1132(a)(2).  See Complaint [Dkt. No. 1] at ¶¶8-20.

Pursuant to the First Cause of Action, Plaintiffs are entitled to recover **$73,871.92** in liquidated damages for employee fringe benefit contributions that were paid, but paid late, for the period <u>June 2019 through August 2021</u>, calculated as of May 3, 2022.  See Complaint [Dkt. No. 1] at ¶13(c); see also, Lauziere Decl. at ¶¶ 21, **<u>EXHIBIT K</u>**.

Pursuant to the Second Cause of Action, Plaintiffs are entitled to recover contributions that were reported, but not paid (reported, not paid) under two collective bargaining agreements (as described below) in the amount of **$337,402.08**, plus accrued interest, for the period

September – December 2021; and January - March 2022. See Complaint [Dkt. No. 1] at ¶¶13-22; Lauziere Decl. ¶¶23-33, **EXHIBITS L, M, P, Q**.

Pursuant to the Third Cause of Action, Plaintiffs are entitled to a mandatory injunction to audit the books and records of CPM Environmental for the period September 1, 2018, through the last completed quarter prior to entry of judgment.  See Complaint [Dkt. No. 1] at ¶¶21-24.

Plaintiffs are further entitled to recover their attorneys' fees and costs in the amount of **$6,101.10**.  See the accompanying Declaration of Ronald L. Richman in Support of Plaintiffs' Motion for Default Judgment ("Richman Decl.") at ¶¶4-6, **EXHIBIT A**.

### III. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. §185 (granting labor union organizations power to sue employers in federal court), 29 U.S.C. §1132 (empowering ERISA plan fiduciaries to bring civil actions to enforce plan terms), and supplementary jurisdiction pursuant to 28 U.S.C. §1367(a).

### IV. PERSONAL JURISDICTION

The Court has personal jurisdiction because the Trust Funds contributions are made to, and benefits are paid from, a corporate co-trustee bank in this judicial district (See Complaint [Dkt. No. 1] at ¶ 1) and because defendant has its principal place of business in San Francisco, California.  See Complaint [Dkt. No. 1] at ¶7.

### V. SERVICE OF PROCESS ON DEFENDANT

On March 1, 2022, defendant was served with the summons and complaint.  [Dkt. No. 9].  Defendant failed to appear and on May 3, 2022, the Clerk of Court entered the default of defendant.  [Dkt. No. 11].

### VI.  BACKGROUND

**A.     Plaintiffs Laborers Trust Funds**

Plaintiffs Trust Funds are multi-employer, employee benefit plans within the meaning of §§3(3) and 3(37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1002(3) and 1002(37).  The Trustees of the Boards of Trustees are the administrators and named fiduciaries for the Laborers Trust Funds.

1    The Trust Funds, established under trust agreements, consist of all employee fringe

2    benefit contributions that are to be made by employers pursuant to collective bargaining

3    agreements as well as all returns on contributions and any other property received or held by the

4    Trust Funds.  Lauziere Decl. ¶11, **EXHIBITS A and B**.  The Trust Agreements for each Fund

5    contain identical terms and conditions.  Lauziere Decl. ¶12.

6    Further, and within the trust agreement of the Laborers Pension Trust Fund for Northern

7    California ("Pension Trust Fund"), Section 13 of Article IV – Functions:  Powers of the Board,

8    provides for the establishment and maintenance of a related Annuity Fund and Annuity Plan.

9    Section 13 designates the Trustees of the Pension Trust Fund as named fiduciaries with

10   exclusive authority to control, manage and administer the Annuity Fund and Plan within the

11   Laborers Pension Trust Fund for Northern California.  Lauziere Decl. ¶13, **EXHIBIT C**.

12   The Trust Funds provide a wide variety of benefits for laborers, retired laborers and

13   other related, covered employees on whose behalf employee fringe benefit contributions are

14   made pursuant to one or more collective bargaining agreements.  The duties of the Boards of

15   Trustees to the Trust Funds include ensuring that employers who are signatories to these

16   collective bargaining agreements comply with the terms and conditions therein, namely,

17   payments and contributions to the Trust Funds on behalf of the covered employees.  The Trust

18   Agreement permits the Boards of Trustees to seek judicial relief to recover prompt payment of

19   contributions due, including the recovery of delinquent contributions, and further, to seek all

20   attorneys' fees and costs incurred in a lawsuit to recover the delinquent contributions.  Lauziere

21   Decl. ¶14, **EXHIBIT D**.

22   The Trust Agreement further provides that an employer must submit to an audit by the

23   Board of Trustees.  Lauziere Decl. ¶15, **EXHIBIT E**.

24   ///

25   ///

26   ///

27   ///

28   ///

The Trust Agreement provides the Board of Trustees the authority to enact policies that are also binding on CPM Environmental. Specifically, Article IV, Section 4(H), states:

> [T]he Board of Trustees shall have power to:. . . (H) Enter into contracts or policies in its own name or in the name of the Fund; terminate, modify or renew any contracts or policies subject to the provisions of the Pension Plan and the Trust Agreement; and exercise and claim all rights and benefits granted to the Board or the Fund by any contracts or policies; …

See the Lauziere Declaration at ¶¶19, 29, **EXHIBIT J**.

The Liquidated Damages Program – Board Policy enclosed with the Lauziere Declaration, **EXHIBIT I**, was enacted by the Board of Trustees pursuant to its authority at Article IV, Section 4(H).  This Policy became effective as of July 1, 2014, and thereby became immediately binding on CPM Environmental by virtue of the Memorandum Agreement executed on August 24, 2018.  Lauziere Decl. ¶18, 28, **EXHIBIT I**.

**B.    Defendant CPM Environmental, Inc.**

CPM Environmental became bound by these Trust Agreements upon executing two separate agreements described below. Lauziere Decl. ¶¶7(a)-7(b), 17-21, **EXHIBITS F–G**.

**1.    Asbestos and Lead Removal Agreement**

CPM Environmental first became bound to the Trust Agreements when, on August 24, 2018, it executed a signature page to the 2016-2019 Northern California Asbestos and Lead Removal Agreement between the Association of Environmental Contractors and the Northern District Council of Laborers ("Asbestos and Lead Removal Agreement").  Lauziere Decl. ¶7(a), 20, **EXHIBIT F**.

Section 5.2, including Sections 5.2.1 – 5.2.3 therein, requires that employers make contributions to the Trust Funds based on the hours that their respective employees worked as laborers.  Lauziere Decl. ¶17, **EXHIBIT H**.

**2.    Project Labor Agreement**

On October 28, 2021, CPM Environmental executed a Letter of Assent, agreeing to be bound to the Port of Oakland Maritime and Aviation Project Labor Agreement ("Project Labor Agreement'). Lauziere Decl. ¶26, **EXHIBITS G**.

1   The Recitals to the Project Labor Agreement provide that the Project Labor Agreement

2   does not "replace, interfere with, abrogate, diminish or modify existing local or national

3   collective bargaining agreements".  Article 1, DEFINITIONS at Section 1.16, in the Project

4   Labor Agreement defines the term "Master Agreement" to mean the Master Collective

5   Bargaining Agreement of each craft Union signatory hereto.  The list of signatory unions, as

6   identified in Appendix B, includes Laborers' International Union of North America Local Union

7   No. 67.  Lauziere Decl. ¶27, **EXHIBIT N**.

8   The Laborers' International Union of North America Local Union No. 67 is signatory to

9   the Laborers' Master Agreement for Northern California ("Master Agreement"). Lauziere

10  Decl. ¶27, **EXHIBIT N**.

11  Section 3.10 of the Project Labor Agreement incorporates, by reference, the Master

12  Labor Agreement.  Section 15.4 of the Project Labor Agreement provides that each signatory,

13  including CPM Environmental, pay employee fringe benefit contributions pursuant to the

14  appliable Master Labor Agreement. Lauziere Decl. ¶27, **EXHIBIT N**

15  Section 28 of the Laborers Master Agreement requires that employers make

16  contributions to the Trust Funds based on the hours that their respective employees worked as

17  laborers.  See Sections 28A and 28B of the Laborers Master Agreement. Lauziere Decl. ¶28,

18  **EXHIBIT O**.

19  Employers are to pay the employee fringe benefit contributions on or before the 25th day

20  of the month immediately succeeding the month in which the employee's work was performed.

21  If the employer fails to make the monthly installments on or before the 25th day of the month in

22  which the employee fringe benefit contributions are due, the employers are subject to interest at

23  the rate of 1.5% per month as well as liquidated damages.  Liquidated damages are set at $150

24  for each month that the contribution is delinquent.  Lauziere Decl. ¶28, **EXHIBIT I**.

25  ///

26  ///

27  ///

28  ///

# VII. LEGAL ARGUMENT

**A.** **First and Second Claims for Relief - The Trust Funds Are Entitled To Recover Outstanding Employee Fringe Benefit Contributions Due And Owing, Interest And Liquidated Damages.**

### 1. First Claim for Relief, Recovery of Liquidated Damages and Interest on Contributions Paid, But Paid Late

Pursuant to the First Cause of Action, defendant CPM Environmental is liable for liquidated damages on contributions that were paid but paid late. ERISA 29 U.S.C. §1132(g)(2)(E) provides that the Court may award "such other legal and equitable relief as the court deems appropriate." This "other legal and equitable relief" includes interest and liquidated damages on employee fringe benefit contributions that were paid but paid late. In *Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 217 (9th Cir. 1989), the court found that section 1132(g)(2)(E) does not preclude alternative contractual remedies. *Id*. at 216. *Idaho Plumbers* recognized that interest and liquidated damages could be awarded for contributions that were paid but paid late. *Id*. at 218. The issue was the amount of liquidated damages, not whether the court had authority to award liquidated damages (the Trust Funds in that case had failed to advise the court why the liquidated damages rose from 10% to 20%). *Id*.; *see also Board of Trustees v. JRD*, 99 F. Supp.2d 1115 (C.D. Cal. 1995). In *JRD*, the employer paid the contributions, but paid late. The court awarded liquidated damages for the contributions paid but paid late. *Id*. at 1118; *see also Northeast Administrators v. Albertsons*, 104 F.3d 253 (9th Cir. 1996).

During the period June 2019 – August 2021 CPM Environmental paid employee fringe benefit contributions as reported, but failed to pay the employee fringe benefit contributions on time, *i.e.,* prior to the 25th of the month immediately succeeding the month in which the employee's work was performed. For example, for the June 2018 contributions due and owing, payment of the contributions is due on before the 25th of July 2018. In each instance, CPM Environmental failed to pay contributions on time. Lauziere Decl. ¶21, **EXHIBIT K**.

Liquidated damages and interest on contributions that were paid but paid late amount to **$73,871.92** as show in the Statement of Interest and Liquidated Damages [Paid, Paid Late] as

– 11 –

1    prepared by the Laborers' Funds Administrative Office of Northern California, Inc. (the "Fund

2    Office"). Lauziere Decl. ¶21-22, **EXHIBIT K**.

3          **2.       Second Claim for Relief, Recovery of Unpaid Contributions, Liquidated
                       Damages and Interest.**

4

5          Pursuant to the Second Cause of Action, defendant CPM Environmental reported, but

6    failed to pay (reported, not paid), contributions under both the Asbestos and Lead Removal

7    Agreement, and the Project Labor Agreement.

8              **a.      Delinquent Contributions, Liquidated Damages and Interest on
                         Contributions Reported, Not Paid – Asbestos and Lead Removal
9                        Agreement**

10         During the period <u>September – December 2021; and January – March 2022</u>, CPM

11   Environmental reported, but failed to pay (reported, not paid) contributions in the principal

12   amount of **$337,402.08**.  Lauziere Decl. ¶23, see, also, the Statement of Contributions Due

13   Laborers Trust Funds [Reported/Not Paid – Asbestos] attached thereto as **EXHIBIT L**.

14         Pursuant to the Liquidated Damage Program – Board Policy, described above,

15   employers are subject to interest at the rate of 1.5% per month, as well as liquidated damages,

16   set at $150 for each month that the contribution is delinquent.  Interest was calculated at 1.5%

17   per month from the month in which each delinquent contribution for each Laborers Trust Fund

18   was recorded and accumulated, totaling **$18,316.15** calculated as of May 11, 2022.  Lauziere

19   Decl. ¶24, see also, the Statement of Interest and Liquidated Damages [Reported, Not Paid]

20   attached thereto as **EXHIBIT M**.

21         Pursuant to 29 U.S.C. §§1132(g)(2)(B) and (C), Plaintiffs Trust Funds are entitled to an

22   additional award in an amount equal to the greater of the interest on the unpaid contributions or

23   liquidated damages at the contract rate.  The liquidated damages assessed for the contributions

24   reported, not paid, amount to $1,050.00.  Lauziere Decl. ¶25, **EXHIBIT M**. Therefore, since the

25   amount of the liquidated damages assessed is less than the interest, Plaintiffs Trust Funds are

26   entitled to an additional award of interest at **$18,316.15**.  Lauziere Decl. ¶25, **EXHIBIT M**.

27   ///

28   ///

**b.      Delinquent Contributions, Liquidated Damages and Interest on Contributions Reported, Not Paid – Project Labor Agreement**

For the month of February 2022, CPM Environmental reported, but failed to pay (reported, not paid) contributions under the Project Labor Agreement for its employees performing covered work, in the amount of $1,913.08.  Lauziere Decl. ¶31.  See, also, the Statement of Contributions Due Laborers Trust Funds [Reported/Not Paid – LPLA-ALLFUNDS] attached thereto as **EXHIBIT P**.

Pursuant to the Liquidated Damage Program – Board Policy, described above, the employers are subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month that the contribution is delinquent.  Interest was calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated.  The total interest due on the contributions reported, but not paid, is $58.70. Lauziere Decl. ¶32.  See, also, the Statement of Interest and Liquidated Damages Due Laborers Trust Funds [Reported/Not Paid], calculated by the Fund Office as of May 11, 2022, and attached thereto as **EXHIBIT Q.**

Pursuant to 29 U.S.C. §§1132(g)(2)(B) and (C), Plaintiffs Trust Funds are entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions or liquidated damages at the contract rate.  The liquidated damages assessed for the contributions reported, not paid, under the Project Labor Agreement amount to $0.00.  Lauziere Decl. ¶33, **EXHIBIT Q**.  Therefore, since the amount of the liquidated damages assessed is less than the interest, Plaintiffs Trust Funds are entitled to an additional award of interest at **$58.70**.  Lauziere Decl. ¶33, **EXHIBIT Q**.

**B.      Third Claim for Relief - The Trust Funds Are Entitled To a Mandatory Injunction Compelling a Further Audit.**

Plaintiffs request a mandatory injunction compelling defendant to submit to an audit of its financial records for the period September 1, 2018, through the last completed quarter to determine the full amount of employer contributions owed to the Trust Funds.

Under the Article IV, Section 7 of the Trust Agreements, CPM Environmental is contractually obligated to submit to an audit of financial records by the Board of Trustees. Lauziere Decl. ¶15, **EXHIBIT E**.  Furthermore, the right of employee benefit plans to enforce such power to audit is long and well established.  See, generally, *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 571 n. 12, 105 S. Ct. 2833, 2840 n. 12 (1985).  An audit is "well within the authority of the trustees as outlined in the trust documents" and is part of "proper plan administration." *Id.* at 2846.

Based on the above, plaintiffs are entitled to an audit of defendant's books and records for the period September 1, 2018, through the last completed quarter.

**C.    Plaintiffs Trust Funds are Entitled to Recover Their Attorneys' Fees and Costs.**

ERISA, §502(g)(2)(D) and the Trust Agreement at Article IV, Section 3 provides that the employer is to reimburse the Trust Funds for attorneys' fees and costs incurred in a suit to enforce payment of outstanding contributions. Lauziere Decl. ¶14, **EXHIBIT D**.  The law firm of Bullivant Houser Bailey PC, counsel for Plaintiffs Trust Funds, charged attorneys' fees and costs for this lawsuit in the amount of $6,101.10.  See Richman Decl. at ¶¶4-6, **EXHIBIT A**. Based on the above, Plaintiffs Trust Funds seek to recover attorneys' fees and costs against CPM Environmental in the amount of **$6,101.10.**

**D.    Plaintiffs Trust Funds are Entitled to a Judgment by Default.**

In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) the Court set forth the following seven factors to consider when addressing a motion for default judgment:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at state in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  As discussed below, all the factors weigh heavily in favor of granting plaintiffs Trust Funds' motion for default judgment.

///

///

1    **1.      Possibility of prejudice to plaintiffs.**

2        The first factor weighs in favor of granting default judgment because "if Plaintiffs'

3    motion for default judgment is not granted, Plaintiffs will likely be without other recourse for

4    recovery." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  The

5    harm suffered by defendant CPM Environmental's employees by the loss of their benefits

6    outweighs any harm suffered by defendant in having a default judgment entered against it.

7        **2.      Merits of plaintiffs' substantive claims and sufficiency of the complaint.**

8        Both the second and third Eitel factors weigh in favor of entry of default judgment.  The

9    evidence presented by Plaintiffs Trust Funds shows that defendant was bound by a written

10   collective bargaining agreement, and project labor agreement, by which CPM Environmental

11   agreed to become bound by the written Trust Agreements that established the Trust Funds.  See

12   Complaint ¶1 [Dkt, No. 1]; Lauziere Decl. ¶¶7(a)-(b) and **EXHIBITS A-G** attached thereto.

13   Plaintiffs' Complaint pleads the elements that defendant violated 29 U.S.C. §1145 by failing to

14   pay contributions owed.  See Complaint at ¶¶8-20 [Dkt. No. 1]; Lauziere Decl. ¶¶17-32,

15   **EXHIBITS L-M, P-Q**.

16       In addition, Plaintiffs' complaint pleads the elements to satisfy 29 U.S.C. §1132(g)(2)

17   which entitles the Plaintiffs to unpaid contributions, interest thereon, liquidated damages, and

18   reasonable attorneys' fees and costs for amounts owed under 29 U.S.C. §1145.  See Complaint

19   at ¶¶8-20 [Dkt. No. 1].

20       Based on the above, Plaintiffs have submitted a legally sufficient complaint which will

21   prevail on the merits.  See *Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., Inc.*, 2010

22   WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

23       **3.      Sum of the money at stake.**

24       "When the money at stake in the litigation is substantial or unreasonable, default

25   judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4

26   (N.D. Cal. Jan. 17, 2012).  But "where the sum of money at stake is tailored to the specific

27   misconduct of the defendant, default judgment may be appropriate." *Id.* (*citing to*, *Bd of Trs. of*

28

*the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.*, 2011 WL 2600898 at *2 (N.D. Cal. June 30, 2011).

Defendant owes a combined total of **$337,402.08** in past due contributions that were reported, but not paid (reported, not paid) for the work performed by defendant's employees under the Asbestos and Lead Removal Agreement, including liquidated damages and interest thereon. Lauziere Decl. ¶¶23, **EXHIBIT L-M**.  In addition, defendants owe attorneys' fees and costs incurred by the Plaintiffs in pursuing this litigation.  Here, the amounts owed are tailored to the specific misconduct of the defendant, *i.e.*, its failure to pay trust fund contributions on behalf of his covered employees and are appropriate.  As a result, this factor also weighs in favor of granting default judgment.

### 4. Possibility of a dispute concerning material facts.

Defendant failed to appear in the litigation resulting in this Court entering its default. There is no reason to believe there is any dispute of the facts contained in the Complaint.

### 5. Whether default was due to excusable neglect.

There is no evidence that defendant's failure to participate in this litigation or participate in this proceeding is due to excusable neglect.

### 6. Policy favoring decisions on the merit.

Finally, while policy grounds favor a resolution on the merits of this dispute, that policy is outweighed by the prompt resolution of this matter.  Plaintiffs have already been prejudiced by a loss of Trust Fund assets due to defendant's failure to pay trust fund contributions on behalf of his covered employees.  The strong policy favoring efficient resolution of collections actions under ERISA must be given great deference. *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1152 (7th Cir. 1989).

## VIII. CONCLUSION

Based on the above, Plaintiffs are entitled to judgment in their favor and against CPM Environmental under the First and Second Claims for Relief, in the following amount:

///

///

**First Claim for Relief**

| | |
|---|---|
| **Liquidated Damages and Interest on Contributions Paid, but Paid Late – Asbestos and Lead Removal Agreement** | $ 73,871.92 |

**Second Claim for Relief**

**Asbestos and Lead Removal Agreement (Not Reported, Not Paid)**

| | |
|---|---|
| • §1132(g)(2)(A) unpaid contributions | $ 337,402.08 |
| • §1132(g)(2)(B) interest | $ 18,316.15 |
| • §1132(g)(2)(C) greater of interest or liquidated damages | $ 18,316.15 |
| **Subtotal** | **$ 447,906.30** |

**Project Labor Agreement (Not Reported, Not Paid)**

| | |
|---|---|
| • §1132(g)(2)(A) unpaid contributions | $ 1,913.08 |
| • §1132(g)(2)(B) interest | $ 58.70 |
| • §1132(g)(2)(C) greater of interest or liquidated damages | $ 58.70 |
| **Subtotal** | **$ 2,030.48** |
| **Attorneys' Fees and Costs:** | $ 6,101.10 |
| **Total** | **$ 456,037.88** |

Lauziere Decl. ¶35, **EXHIBITS L, M, P, Q.**

Further, Plaintiffs Trust Fund respectfully request that this Court grant judgment in favor of Plaintiffs Trust Funds and against defendant by compelling defendant to submit to an audit of its books and records for the period September 1, 2018, through the last completed quarter prior to entry of judgment.

DATED:  July 5, 2022

BULLIVANT HOUSER BAILEY PC

By _____
     Ronald L. Richman
     Adam Thomas

Attorneys for Plaintiffs

**PROOF OF SERVICE**
*Board of Trustees of the Laborers Health and Welfare Trust Fund for*
*Northern California, et al. v. CPM Environmental, Inc.*
**U.S.D.C. (N.D. Cal.) No. 4:22-cv-01040-DMR**

I am employed in the City and County of San Francisco by the law firm of Bullivant Houser Bailey ("the business"), 101 Montgomery Street, Suite 2600, San Francisco, CA 94104. I am over the age of eighteen (18) and not a party to this action.  On July 5, 2022, I served the document entitled:

**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**

upon the following parties:

> STEVE WHITE
> Agent for Service of Process for
> CMP Environmental, Inc.
> 2044 Union Street
> San Francisco, CA   94123-4103

**(x)    BY MAIL (CCP §1013(a))**:  I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing with the United States Postal Service.  I placed a true and correct copy of the above-titled document in an envelope addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope and placed it for collection and mailing by the United States Postal Service in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with the United States Postal Service on the same day.

**(  )    BY EMAIL OR ELECTRONIC TRANSFER**:  I caused a copy of the document to be sent from e-mail address roberta.beach@bullivant.com to the persons at the e-mail addressed listed in the service list.  I did not, within a reasonable time after the transmission, receive any electronic message or other indication that the transmission was unsuccessful.

**(  )    BY FACSIMILE TRANSMISSION (CCP §1013(e), CRC 2.306)**:  I transmitted the document by facsimile transmission by placing it in a facsimile machine (telephone number 415-352-2701) and transmitting it to the facsimile machine telephone number listed above.  A transmission report was properly issued by the transmitting facsimile machine.  The transmission was reported as complete and without error.  A true and correct copy of the transmission report is attached hereto.

**(  )    BY OVERNIGHT DELIVERY (CCP §1013(c))**:  I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing by Express Mail and other carriers providing for overnight delivery.  I placed a true and correct copy of the above-titled document in an envelope addressed as above, with first class postage thereon fully prepaid.  I sealed the aforesaid envelope and placed it for collection and mailing by Express Mail or other carrier for overnight delivery in accordance with the ordinary practice of the business.  Correspondence so placed is ordinarily deposited by the business with Express Mail or other carrier on the same day.

**(  )    BY PERSONAL SERVICE UPON AN ATTORNEY (CCP §1011(a))**:  I placed a true and correct copy of the above-titled document in a sealed envelope addressed as indicated above.  I delivered said envelopes by hand to a receptionist or a person authorized to accept

same at the address on the envelope, or, if no person was present, by leaving the envelope in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.

**( )**    **BY MESSENGER SERVICE**:  I placed a true and correct copy of the above-entitled document in a sealed envelope addressed as indicated above and provided it to a professional messenger service for delivery during normal business hours on this date.

**( )**    **BY PERSONAL SERVICE UPON A PARTY (CCP §1011(b))**:  I placed a true and correct copy of the above-titled document in a sealed envelope addressed as indicated above.  I delivered each envelope by hand to a person of not less than eighteen (18) years of age at the address listed on the envelope, between the hours of eight in the morning and six in the evening.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on July 5, 2022, at San Francisco, California.

_Lorieta C Beach_
ROBERTA C. BEACH

\*\*\*\*\*

4882-5784-2204.3 29512/00365

– 19 –

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT